UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICK ATKINSON,

    Plaintiff,

v.                                                                Case No.: 8:25-cv-1533-JLB-LSG

TARGET CORPORATION,

    Defendant.
_____/

**ORDER**

An October 28, 2025, order grants the defendant Target Corporation's request for an award of reasonable expenses under Rule 37(a)(5), Federal Rules of Civil Procedure, in connection with Target's motion to compel. Docs. 16, 20. In compliance with that order and Local Rule 7.01(c)(4), Target files a supplemental motion for attorney's fees. Doc. 24.

Rule 37(a)(5) permits an award of "reasonable" expenses, including attorney's fees, incurred in connection with a motion under Rule 37(a)(1). "Most courts use the 'lodestar' formula to compute attorney's fees as part of expense shifting sanctions[.]" 7 MOORE'S FEDERAL PRACTICE § 37.55[8] (3d ed. 2025); *see Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v.*

*Eckerhart*, 461 U.S. 424, 433 (1983). The resulting total is the "lodestar" amount. *City of Riverside v. Rivera*, 477 U.S. 561, 568 (1986). In requesting fees, counsel must endeavor to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. This means using "billing judgment" to remove from the fee application hours that the party would not charge a paying client. *Barnes*, 168 F.3d at 428; *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301, 1306 (11th Cir. 1988).

The fee applicant bears the initial burden of supplying "specific and detailed evidence" supporting the application. *Norman*, 836 F.2d at 1303 (quoting *Hensley*, 461 U.S. at 437). That burden includes "maintain[ing] records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Id.* A fee opponent must provide a "specific and reasonably precise" objection about hours that should be excluded. *Barnes*, 168 F.3d at 428; *Norman*, 836 F.2d at 1301.

Here, Target seeks $2,200.00 in attorney's fees. In support of this amount, Target includes the affidavit of Sherilee Samuel, in which she describes the hourly rates charged by herself, associate Alexandra Guerra, and paralegal Janet Puleo. Doc. 24-1 at 2-2. Samuel's rate for this case is $220 an hour; Guerra's is $195 an hour; and Puleo's is $105 an hour. Doc. 24-1 at 2. Samuel attaches a detailed billing statement and says that she "reviewed each task[] and [] removed each charge for a task that is excessive, duplicative, clerical, or otherwise unreasonable." Doc 24-1 at

2

3, 6-10. Additionally, Target attaches an affidavit of reasonableness from Nicole Soto, a partner with the law firm of Conroy Simberg. Doc. 24-2. Soto opines that the hourly rates charged "fall well within the range of customary legal fees for comparably experienced lawyers in the Middle District of Florida" and that the amount of time spent on the action is reasonable. Doc. 24-2 at 3, 5. Atkinson files no response.

Based on Target's supplemental motion—which is detailed and judicious and comports with the requirements of Local Rule 7.01(c) and Eleventh Circuit precedent—I find that the rates and hours charged by counsel are reasonable. Counsel demonstrates billing judgment by having removed hours from the request and by seeking only those hours connected with the motion to compel and the request for expenses. Accordingly, the motion, Doc. 24, is **GRANTED**. Under Rule 37(a)(5), Federal Rules of Civil Procedure, the plaintiff Patrick Atkinson, his attorney, or both must pay, no later than January 16, 2026, **$2,200.00** in attorney's fees to the defendant Target Corporation in accord with the sanctions award. Doc. 20.

**ORDERED** in Tampa, Florida, on this 1st day of December, 2025.

LINDSAY S. GRIFFIN
United States Magistrate Judge